UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA D. ARELLANO,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>　　　　　Defendant. | Case No. CV 09-6305 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |

**I.　SUMMARY**

　　　On September 2, 2009, plaintiff Martha Arellano ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

　　　This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; September 3, 2009 Case Management Order ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum and Opinion and Order of Remand because the Administrative Law Judge ("ALJ") erred in evaluating the medical evidence and plaintiff's credibility.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On July 11, 2006, plaintiff filed an application for Disability Insurance Benefits. (Administrative Record ("AR") 129-32). Plaintiff asserted that she became disabled on February 7, 2006, due to fibromyalgia, osteoarthritis, and anxiety. (AR 156). The ALJ examined the medical record and heard testimony from plaintiff, who was represented by counsel, on January 12, 2009. (AR 33-76).

On February 12, 2009, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 12-22). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: small left parietal meningioma; fibromyalgia; essential hypertension, well controlled; macular degeneration of the left eye, stable; history of mild Bouchard's nodules in the hands; bilateral small plantar calcaneal spurs; obesity; and history of restless leg syndrome (AR 14-15); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 17); (3) plaintiff retained the residual functional capacity to perform light work[1] with certain limitations (AR 18);[2] (4) plaintiff could perform her past relevant

---

[1] Light work involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).

[2] The ALJ determined that plaintiff "has the residual functional capacity to lift twenty pounds occasionally and ten pounds frequently. She can stand and walk, with normal breaks, for a total of six hours in an eight-hour workday, and she can sit, with normal breaks, for a total of six hours in an eight-hour workday. She must refrain from performing work at dangerous heights, around dangerous moving machinery, or in extreme temperatures of heat or cold. She

(continued...)

work (AR 21); and (5) plaintiff's allegations regarding her limitations were not entirely credible. (AR 20-21).

The Appeals Council denied plaintiff's application for review. (AR 1-3).

## III.  APPLICABLE LEGAL STANDARDS

### A.  Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit her ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

///

---

[2](...continued)
may perform work at a stress level of five on a scale of one to ten, where one is described as a night dishwasher . . . and ten is described as the work of an air traffic controller . . . ." (AR 18).

  (4)  Does the claimant possess the residual functional capacity to perform her past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five.

  (5)  Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow her to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

  **B.**  **Standard of Review**

  Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

  To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

///

## IV. DISCUSSION

### A. Medical Evidence

Plaintiff contends that the ALJ improperly evaluated the medical evidence in rejecting the opinions of her treating physician, Dr. Janoian, and an examining physician, Dr. Srinivasan. (Plaintiff's Motion at 2-17). The Court agrees that the ALJ erred in rejecting Dr. Janoian's opinion.

#### 1. Pertinent Law

In Social Security cases, courts employ a hierarchy of deference to medical opinions depending on the nature of the services provided. Courts distinguish among the opinions of three types of physicians: those who treat the claimant ("treating physicians") and two categories of "nontreating physicians," namely those who examine but do not treat the claimant ("examining physicians") and those who neither examine nor treat the claimant ("nonexamining physicians"). Lester v. Chater, 81 F.3d 821, 830 (9th Cir.), as amended (1996) (footnote reference omitted). A treating physician's opinion is entitled to more weight than an examining physician's opinion, and an examining physician's opinion is entitled to more weight than a nonexamining physician's opinion. See id. In general, the opinion of a treating physician is entitled to greater weight than that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir. 1999) (citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)).

A treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)). Where a treating physician's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (citation and internal

quotations omitted). An ALJ can reject the opinion of a treating physician in favor of a conflicting opinion of another examining physician if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. Id. (citation and internal quotations omitted). "The ALJ must do more than offer his conclusions." Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988). "He must set forth his own interpretations and explain why they, rather than the [physician's], are correct." Id.; see Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ can meet burden by setting out detailed and thorough summary of facts and conflicting clinical evidence, stating his interpretation thereof, and making findings) (citations and quotations omitted). "Broad and vague" reasons for rejecting a treating physician's opinion do not suffice. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir.1989).

When they are properly supported, the opinions of physicians other than treating physicians, such as examining physicians and nonexamining medical experts, may constitute substantial evidence upon which an ALJ may rely. See, e.g., Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (consultative examiner's opinion on its own constituted substantial evidence, because it rested on independent examination of claimant); Morgan, 169 F.3d at 600 (testifying medical expert opinions may serve as substantial evidence when "they are supported by other evidence in the record and are consistent with it").

### 2. Analysis

As the ALJ noted, Dr. Janoian assessed plaintiff with a greater degree of limitation than did any other physician. Among other things, Dr. Janoian opined that plaintiff could sit or stand for only thirty minutes at a time; could sit for a total of about four hours and stand for a total of about two hours in an eight hour day; needed to walk around for five minutes every twenty to thirty minutes; needed to shift at will from sitting, standing, or walking; would likely need to take four or five unscheduled breaks of up to forty minutes during an eight hour day; needed to

elevate her legs with prolonged sitting; could occasionally lift only weights of fewer than ten pounds; could not perform any repetitive reaching, handling, or fingering; and would likely miss work more than three times per month because of her impairments.  (AR 363-68).

The ALJ provided two reasons for rejecting Dr. Janoian's opinion.  First, he stated that Dr. Janoian's opinion "is not fully supported by the objective evidence or his own treatment notes."  (AR 19 (citing Exhibits 2F, 10F, 13F, and 23F).)  This reason, without more and on the facts of this case, does not provide the level of specificity required for rejecting an opinion of a treating physician.  See Embrey, 849 F.2d at 421-23 ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim.  The ALJ must do more than offer his conclusions.  He must set forth his own interpretations and explain why they, rather than the doctors', are correct."); see also McAllister, 888 F.2d at 602 (finding that rejecting the treating physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").  Moreover, Dr. Janoian specifically cited objective medical findings that supported his opinion, including "deformity of small joints, tenderness and spasm of paralumbar and paravertebral muscles," a "severely limited" range of motion "in all aspects of active motion," and bilateral swelling of the wrists.  (AR 363).  His other examinations also revealed objective evidence consistent with his opinion, such as tenderness and reduced range of motion at multiple areas of the spine (AR 346, 348), and pain with motion in the musculoskeletal system (AR 351, 499, 502).  The ALJ's citation of medical expert Dr. Brown's testimony "that there is no evidence supporting the limitations ascribed to [plaintiff's] hands and upper extremities as noted by Dr. Janoian" (AR

19) does not change the result.  Dr. Brown testified that Dr. Janoian diagnosed plaintiff with "a trigger finger" and assessed her "hand grip at zero," "which the other clinicians did not find."  (AR 67).  However, an examining orthopedist assessed plaintiff's grip strength as five pounds in the right hand and zero pounds in the left hand (AR 295).  Thus, Dr. Brown's opinion is not fully supported by the evidence.  The ALJ must consider the record as a whole, without "selectively focus[ing] on [evidence] which tend[s] to suggest non-disability."  See Edlund v. Massanari, 253 F.3d 1152, 1159 (9th Cir. 2001).

 The ALJ also discounted Dr. Janoian's opinion because, to the ALJ, "it appears that Dr. Janoian is actively assisting the claimant's attempt to obtain benefits."  (AR 19).  But the ALJ did not point to any evidence showing impropriety on the part of Dr. Janoian, and he may not assume that a treating physician lacks credibility merely because he was supportive of his patient.  See Reddick v. Chater, 157 F.3d 715, 725-26 (9th Cir. 1996) (error for ALJ to reject physician's opinion because physician was "compassionate and supportive of the patient"); Lester, 81 F.3d at 832 ("The Secretary may not assume that doctors routinely lie in order to help their patients collect disability benefits." (citation and quotation marks omitted)).  Therefore, no substantial evidence supports this reason for rejecting Dr. Janoian's opinion.

 The ALJ also rejected the opinion of an examining physician, Dr. Srinivasan.  (AR 18).  Dr. Srinivasan assessed plaintiff with a slightly more restrictive functional capacity than did the ALJ.  For example, Dr. Srinivasan believed plaintiff could "stand and walk for about 4 hours or so in an 8-hour shift" and could only "frequently do pushing, pulling, holding, grasping, and fine manipulation of fingers with both hands."  (AR 466).  Because Dr. Janoian assessed plaintiff with even greater limitations than did Dr. Srinivasan, the Court does not review the ALJ's reasons for rejecting Dr. Srinivasan's opinion.  On
///

remand, the ALJ is required to reconsider Dr. Janoian's opinion and free to reassess Dr. Srinivasan's opinion.[3]

**V.    CONCLUSION**

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[4]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 9, 2010

                           /s/
                           Honorable Jacqueline Chooljian
                           UNITED STATES MAGISTRATE JUDGE

---

[3] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[4] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) (remand is an option where the ALJ stated invalid reasons for rejecting a claimant's excess pain testimony).